COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Bray and Senior Judge Hodges

RAYMOND RIVENBARK

v.   Record No. 1771-94-4

FAIRFAX COUNTY DEPARTMENT OF HUMAN DEVELOPMENT

DIANA RIVENBARK                          MEMORANDUM OPINION*
                                            PER CURIAM
v.   Record No. 0016-95-4                  MAY 23, 1995

FAIRFAX COUNTY DEPARTMENT OF HUMAN DEVELOPMENT

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Gerald Bruce Lee, Judge

          (Gabriel J. Zepecki; Wilson & Zepecki, on brief), for
          appellant Raymond Rivenbark.

          (James D. Young, on brief), for appellant Diana
     Rivenbark.

          (David P. Bobzien, County Attorney; Robert Lyndon
          Howell, Deputy County Attorney; Linda M. Dwyer,
          Assistant County Attorney, on brief), for appellee.


     Raymond Rivenbark (father) and Diana Rivenbark (mother)

appeal the decision of the circuit court terminating their

residual parental rights to their daughter, Martha.  In their

joint brief, the parents raise the following issues on appeal:

(1) whether the trial court erred in finding that the Fairfax

County Department of Human Development (Department) had made

reasonable and appropriate efforts to aid the parents in

substantially remedying the conditions that led to Martha's

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

foster care placement; (2) whether clear and convincing evidence supported the trial court's finding that the Department had provided father with appropriate and adequate services to promote the parent-child relationship; and (3) whether the trial court erred in determining that Martha's best interests were served by remaining in foster care. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). A trial court's judgment of a child's best interests, "'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. (citations omitted).

The trial court found by clear and convincing evidence that termination of mother's and father's parental rights was in Martha's best interests. The trial court also determined that the Department had satisfied the requirements of Code § 16.1-283(B) and (C)(2).

### I. Reasonable and Appropriate Efforts

Mother and father challenge the trial court's finding that reasonable and appropriate efforts were offered unsuccessfully to

the parents by the Department and other services to remedy substantially the causes of Martha's neglect or abuse. The parents contend that many services to which the Department points were provided after an earlier removal of the children in 1986, and that the Department made insufficient efforts to remedy the causes of Martha's neglect or abuse.

Martha was placed into foster care pursuant to a consent decree following an incident in 1992 in which mother repeatedly kicked Martha and pulled her hair when Martha refused to leave a fair. At that time, mother and father admitted that they could not guarantee Martha would not be harmed again.

The record demonstrates that Martha is a special needs child who is moderately mentally retarded and who has difficulty communicating. When Martha was placed into foster care, Martha was unruly, uncontrollable, and barely able to perform basic self-care tasks. After intensive efforts by the foster care parents with supporting personnel, Martha made substantial progress.

Testimony by the Department's witnesses demonstrated that mother's capabilities are limited, that she is unable to deal with abstract thinking and is easily frustrated. Mother's scores on psychological testing performed after the 1992 abuse incident were consistent with those associated with abusive parents. Repeatedly, the witnesses testified that while mother came to parenting classes and genuinely loved her daughter, mother was

3

unable to incorporate information she received in the classes into her parenting behavior.

The mental health professionals recommended in-home assistance as the only method which might improve mother's parenting skills. Mother, however, refused to participate with in-home assistance until Martha was returned home, although the Department stressed that the training would also be helpful with the daughter who remained in the home. Thus, the only method which offered some possibility of improving mother's parenting skills was rejected by mother.

In contrast, while father did not have the types of limitations faced by mother, the trial court noted that father had not "made efforts or been available to support [mother] where she is deficient to assure that the children's needs for safety are met . . . ." Father left child care to his wife and gave no indication he was willing to take on additional responsibilities for Martha so that she could return home. Father met with the Department social worker only five or six times in a period of over two years after Martha's removal, and was uncertain whether he could protect Martha if mother became abusive.

The trial court found that the parents were provided with "home-based services, psychological evaluations, transportation to visit Martha, access to additional medical care and special education, and other services" in the two years after Martha's removal. The parents elected not to take advantage of most of

4

the services offered.  "The law does not require the [Department] to force its services upon an unwilling or disinterested parent." Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986).

Therefore, we cannot say the trial court erred in finding that the Department provided mother and father with reasonable and appropriate assistance designed to eliminate the causes of Martha's foster care placement.

## II.  Services Provided to Father

Father asserts that the trial court failed to require clear and convincing proof that the Department provided him with appropriate and adequate services to preserve his relationship with Martha.  As noted above, however, the evidence demonstrated that father had not taken advantage of the services offered to the family.  In fact, father submitted to a psychological evaluation only after the Department had sought a Rule to Show Cause.  While father did not have the same limitations faced by mother, father expressed no desire to assume additional responsibilities in the family to compensate for the skills his wife lacked.

The trial court ruled that the Department had presented evidence of father's unwillingness to substantially remedy the conditions leading to Martha's foster care, thereby satisfying the requirements of Code § 16.1-283(C)(2).  On review, we cannot say the trial court's determination was plainly wrong or without

evidence to support it.

### III.  <u>Martha's Best Interests</u>

Mother and father argue that the evidence does not establish that termination of their parental rights is in Martha's best interests.  The parents assert that the court failed to consider their family photographs as evidence of the bonds of their nuclear family and of Martha's condition prior to placement in foster care.  The parents also contend that foster care placement is not in Martha's best interests in light of the fact that her current foster family is not interested in adopting her and the probability that Martha will need life-long assistance.

"'In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  <u>Logan</u>, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The record illustrates that Martha's serious behavioral and hygiene problems went unimproved while Martha was in her parents' care, despite the efforts by school personnel and the Department to assist the family.  The trial court determined that Martha made substantial progress while in foster care.  The testimony given in the trial court demonstrates that that finding is supported by clear and convincing evidence.

Moreover, due to mother's own limitations and father's failure to take a more active role in the family, there remains a

substantial risk to Martha's safety if she were returned home. Despite their love for Martha, the evidence demonstrates that the parents have been unable to substantially remedy the conditions which led to Martha's neglect and abuse.

Therefore, the trial court's determination that Martha's best interests were served by terminating mother's and father's parental rights is supported by the evidence and is not plainly wrong.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>